### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GOTZIS AND LORI GOTZIS<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

### NOTICE FOR REMOVAL OF CIVIL ACTION
### FROM STATE COURT

AND NOW, comes Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm"), for the purpose of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No. 251201160.

2. The action was commenced by Writ on December 8, 2025. The Complaint was subsequently filed on December 29, 2025, and served on State Farm on December 29, 2025. (*See* copy of Complaint attached hereto as Exhibit "A".)

3. Plaintiffs' Complaint avers a breach of contract claim.

4. The Complaint demands damages in an amount in excess of $50,000 on the breach of contract claim.

5. Additionally, the Complaint states that "Plaintiffs suffered a sudden and accidental direct physical loss to the insured premises, resulting in damage to the insured property in those areas and to the extent set forth in the building estimate and contents inventory prepared by Summit Public Adjusters." (*See* Exhibit "A", Paragraph 5.)

6. The building estimate of Summit Public Adjusters, which is attached to Plaintiffs' Complaint as an exhibit, itemizes the claimed building damages, which total $116,716.17. Further, the contents inventory, which is also attached to Plaintiffs' Complaint as an exhibit, itemizes the claimed contents damages, which total $3,218.56. (*See* Exhibit "A".)

7. The averments made herein are true and correct with respect to the date on which the Complaint was filed, and the date upon which this notice is being filed.

8. This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant State Farm is now, and was at the time Plaintiffs commenced this action and filed the Complaint, a corporation organized under the laws of the State of Illinois with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

9. Defendant State Farm has, with the filing of this notice, given written notice to Plaintiffs' counsel.

10. Defendant State Farm is also filing a copy of the notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

11. Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter exceeds $75,000 based on the allegations contained in Plaintiffs' Complaint. As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F. Supp. 808, 810 (E.D. Pa. 1997).

12. The procedure for removal is set forth by 28 U.S.C. §1446. The pertinent portions of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

13. In determining whether the jurisdictional amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Cir. 1993).

14. The underlying lawsuit as alleged in the Complaint arises out of Defendant's handling and investigation of a loss at Plaintiffs' property located at 1115 Temperance Lane, Richboro, PA 18954, allegedly resulting in damage to the property. (*See* Exhibit "A".)

15. Since Pennsylvania does not permit a demand for a specific sum, and permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

16. "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." Hatchigian v. AAA Mid-Atlantic Member Rels., Civ. A. No. 19-4740, 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

17. Removal is proper on the basis of an amount in controversy asserted by the Defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Hatchigian v. AAA Mid-Atlantic Member Rels., 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

18. Moreover, attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). Over the course of an approximate ten-month litigation of this matter, there is a reasonable probability that Plaintiffs would incur costs and fees in an amount approaching $25,000.

19. In considering whether removal is proper, the court must determine the amount in controversy from the complaint itself. The court must make an independent appraisal of the claim and, after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated. Feldman v. New York Life Ins. Co., 1998 U.S. Dist. LEXIS 2301(E.D. Pa. Mar. 4, 1998).

20. The court's determination of the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir.1993).

21. Since Plaintiffs have claimed in the Complaint that the total stated damages are in excess of $119,000, and those damages may all be added with attorney's fees and statutory interest, the amount in controversy threshold has been met by a preponderance of the evidence.

22. Given Plaintiffs' stated claim for breach of contract is in excess of $119,000, the amount in controversy in this case is in excess of the $75,000 jurisdictional threshold for removal to the federal Court, in accordance with 28 U.S.C. §1446 (a).

23. Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

                                            BENNETT, BRICKLIN & SALTZBURG LLC

By: _____
      Justin F. Kobeski, Esquire
      Attorney for Defendant
      Attorney ID No: 200392
      BENNETT, BRICKLIN & SALTZBURG LLC
      960 Harvest Drive
      Building B, Suite 100
      Blue Bell, PA 19422

Date: January 20, 2026

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GOTZIS AND LORI GOTZIS<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

To: Joseph A. Zenstein, Esquire
Zenstein Kovalsky, LLC
1240 Old York Road, Suite 101
Warminster, PA 18974

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, *Anthony Gotzis and Lori Gotzis v. State Farm Fire and Casualty Company* now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at No. 251201160.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

By: 
Justin F. Kobeski, Esquire
Attorney for Defendant
Attorney ID No: 200392
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date: January 20, 2026

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GOTZIS AND LORI GOTZIS<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S CERTIFICATION OF FILING OF COPY OF NOTICE OF REMOVAL WITH STATE COURT

Justin F. Kobeski, being duly sworn according to law, deposes and says that he is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for Defendant, State Farm Fire and Casualty Company, and that he did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on or about January 20, 2026.  I certify that the statements herein are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

By: _____
Justin F. Kobeski, Esquire
Attorney for Defendant
Attorney ID No: 200392
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422

Date: January 20, 2026

# AFFIDAVIT

I, Justin F. Kobeski, being duly sworn according to law, do hereby depose and state that I am an attorney for Defendant, State Farm Fire and Casualty Company, the petitioner in the foregoing Notice of Removal, that I have been duly authorized by the petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

_____
Justin F. Kobeski